UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMARR DIONN WILLIAMS,

    Plaintiff,

v.

Case No. 25-14113
Hon. Jonathan J.C. Grey

CREDIT ACCEPTANCE CORPORATION,

    Defendant.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2) AND DISMISSING COMPLAINT (ECF No. 1)

**I.    BACKGROUND**

On December 22, 2025, pro se Plaintiff Lamarr Dionn Williams filed this 42 U.S.C. § 1983 action and an application to proceed without prepaying fees and costs. (ECF Nos. 1, 2.) Williams alleges Defendant Credit Acceptance Corporation ("CAC") violated his due process rights in an "underlying state-court action giving rise to this suit" by not complying with Michigan Court Rules 2.108(A) and 2.603(A)(1) and (D). (ECF No. 1, PageID.1, 2.) For the following reasons, the Court **GRANTS** Williams' application to proceed without prepaying fees and costs and

**DISMISSES** the complaint for failure to state a claim on which relief may be granted.

## II.  LEGAL STANDARDS

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether this matter states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard. Therefore, the Court must assess whether the complaint alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007)). When assessing a complaint under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. ANALYSIS

The Court finds that Williams is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. Thus, the Court must consider whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As discussed below, the Court finds that plaintiffs fail to state a claim on which relief may be granted.

It is well-established under the *Younger* abstention doctrine that federal courts should refrain from interfering with the functions of state courts. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* initially operated to prevent federal courts from interfering with criminal prosecutions in order to preserve equity and comity. *Id.* at 44. However, the *Younger* doctrine also applies to ongoing "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions[.]" *Doe v. University of Kentucky*, 860

3

F.3d 365, 369 (6th Cir. 2017) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (citations omitted)).

Here, Williams states that this case is based on a state court case (Case No. CK-3329002025-CK, Macomb County Circuit Court (*see* ECF No. 1, PageID.4)), claiming that CAC was not adhering to the state court rules. In the complaint, Williams indicates that all his factual allegations "are supported by documentary exhibits preserved in the state-court record attached hereto" (*id.* at PageID.1), but he did not attach any state-court record to the complaint or otherwise file one on the docket. As such, it is not clear whether the state court action has terminated or remains pending. To the extent that the state court action remains pending, this Court will abstain from interfering with the functions of the Wayne County Circuit Court pursuant to the *Younger* doctrine.[1]

Further, in the event the state court action has concluded, the Court

---

[1] The *Colorado River* abstention doctrine also may preclude the Court's consideration of the issues Williamsraises in his complaint. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) ("a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'").

does not have jurisdiction to review or reverse orders issued in the state court action pursuant to the *Rooker-Feldman* doctrine.[2] *See Raymond v. Moyer*, 501 F.3d 548, 550–551 (6th Cir. 2007) (quoting *Lance v. Dennis*, 26 S. Ct. 1198, 1199 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (the lower federal courts do not have jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'" under what has come to be known as "the *Rooker–Feldman* doctrine."); *see also Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment").

For all the reasons set forth above, the Court concludes that Williams' allegations fail to state a claim upon which relief could be granted in this Court, and his cause of action must be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Williams'

---

[2] See *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

application to proceed without prepaying fees and costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Williams' complaint is **DISMISSED**.

**SO ORDERED.**

Date: January 5, 2026

<u>**s/Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 5, 2026.

                          s/ **S. Osorio**
                          Sandra Osorio
                          Case Manager